IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Neitzke, *Individually and on behalf of a Class*,

Plaintiff,

-vs-

NZR Retail of Toledo, Inc.,

Defendant.

Case No. 3:15 CV 508

MEMORANDUM OPINION
AND ORDER DENYING
CONDITIONAL CLASS CERTIFICATION

JUDGE JACK ZOUHARY

## INTRODUCTION

Jessica Neitzke sues her former employer, NZR Retail of Toledo ("NZR"), alleging that NZR wrongly categorized her as an exempted employee under the Fair Labor Standards Act ("FLSA"). Though she held the title of manager, Neitzke claims she spent most of her time working as a cashier and thus should have received overtime pay. Neitzke purports to bring this action on behalf of similarly situated NZR managers. She now moves for conditional certification of a collective action under 29 U.S.C. § 216(b) (Doc. 14). NZR opposes (Doc. 15). For the reasons discussed below, the Motion is denied.

## BACKGROUND

Neitzke began working for NZR, a gas station operator, as a cashier entitled to hourly wages and overtime pay (Doc. 14-3, Neitzke Aff. at ¶¶ 5, 11). She soon received a promotion to store manager, which brought a salary and classification as an exempted employee (*id.* at ¶¶ 6, 10). But

the promotion did not bring an increase in responsibilities -- at least according to Neitzke. She says she regularly worked fifty hours a week, but spent most of her time "performing manual work identical to the cashiers" (*id.* at ¶¶ 8, 12). Neitzke also claims other NZR managers had largely similar responsibilities "based on the observations of other Managers [she] worked with and through discussions with them" (*id.* at ¶ 16).

Neitzke alleges NZR misclassified her and her fellow managers and thus wrongly denied them overtime pay. She now moves for conditional certification of a class of managers "who worked for [NZR] at any time during the time period beginning from 3 years preceding a ruling on this Motion through the date of trial and who were classified as salaried or exempt and not paid overtime" (Doc. 14 at 3). Neitzke also wants NZR to provide the names and contact information of potential class members and this Court to approve her proposed notice to class members. This Court previously gave the parties the opportunity to conduct limited discovery before briefing conditional certification.

## STANDARD OF REVIEW

The FLSA allows "one or more employees" to sue an employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions brought by employees under the FLSA require would-be class members to opt-in to the action (or, generally termed, the "class"). *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). A FLSA collective action requires that all opt-in plaintiffs are "similarly situated." *Id.* Though plaintiffs need not be identical, they must "suffer from a single, FLSA-violating policy." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

The Sixth Circuit uses a two-stage approach to decide whether a proposed group of plaintiffs is "similarly situated." The first takes place at the beginning of discovery with a focus on determining

whether there are plausible grounds for plaintiffs' claims. If so, plaintiffs are permitted to solicit opt-in notices, under court supervision, to potential plaintiffs such as current and former employees of defendant. The first stage is "fairly lenient," requiring only a modest showing that a class of similarly situated plaintiffs exists. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (internal quotation marks and citation omitted). The second stage occurs after "all of the opt-in forms have been received and discovery has concluded." *Id.* at 546. At this point, the court considers all the evidence, in conjunction with the demographic data of the putative opt-in plaintiffs, to decide whether the assembled class is sufficiently "similarly situated" to continue as a collective action or whether the putative class should be "decertified," leaving plaintiffs free to pursue their claims on an individualized basis. *Id.* at 547.

When, as here, the parties have been permitted to conduct some limited discovery to determine whether a class of similarly situated plaintiffs may exist, courts (including this one) have required a slightly more rigorous, modest "plus" showing. *See, e.g.*, *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 823–28 (N.D. Ohio 2011) ("Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses."). This "prevent[s] the absurd result of granting the parties time to do discovery on the conditional certification question but subsequently imposing no incremental hurdle in determining whether Plaintiffs may send opt-in notices." *Id.* at 827.

## ANALYSIS

Neitzke alleges NZR wrongly classified her and her fellow managers as exempted employees. She contends NZR's managers are essentially glorified cashiers who are asked to work more than forty hours a week performing non-exempt tasks without receiving overtime pay. Neitzke argues three facts weigh in favor of certification: (1) her observation of other managers she says are similarly

3

situated; (2) NZR's use of a single common job description for all managers; and (3) NZR's decision to classify all managers as exempted employees.

NZR argues certification is inappropriate here because Neitzke was an outlier among its managers. In her deposition, Neitzke confirmed she did not supervise, hire, or discipline employees, schedule shifts, or take primary responsibility for lottery reporting (Doc. 15-3 at 21–23, 25–26, 28). Though Neitzke claims this was true of other NZR managers, NZR attached to its Opposition thirty-two affidavits from current and former managers swearing they performed all these tasks and more (*see generally* Doc. 15-4).

All Neitzke offers in response is a vague allegation that other managers performed similar tasks "based on the observations of other Managers [she] worked with and through discussions with them" (Neitzke Aff. at ¶ 16). She does not say who these managers are, approximately how many there are, or where and when they worked for NZR. *See H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (denying certification at first stage where "[a]ll movants have done is submit affidavits . . . which simply state that they believe other workers were discriminated against in similar ways"). Courts have sometimes conditionally certified FLSA classes on the basis of a lone affidavit, but only where it included names and an estimated number of similar employees. *See, e.g.*, *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at *2 (E.D.N.Y. 2006). NZR argues Neitzke cannot meet the modest "plus" standard, but in reality she cannot meet even the more lenient standard. She "may meet this [more lenient] burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406 (D.N.J. 1988)). Neitzke's allegations do not "successfully engage" NZR's affidavits.

NZR's common job description and exemption classification do nothing to change the result. *See Costello v. Kohl's Illinois, Inc.*, No. 1:13-CV-1359-GHW, 2014 WL 4377931, at *4 (S.D.N.Y. 2014) ("Indeed, if a uniform job description by itself was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee.").

## CONCLUSION

Neitzke may be right that she was misclassified and wrongly denied overtime pay, but she fails to make even a modest showing that others like her exist. As a result, she will have to proceed alone. The Motion for Conditional Certification and Additional Relief (Doc. 14) is denied.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

December 16, 2015